UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

KEVIN CONTRERAS

      Plaintiff,

-v-                               **COMPLAINT**

THE CITY OF NEW YORK,              **JURY TRIAL DEMANDED**
POLICE OFFICER ASHLEY RODRIGUEZ,
POLICE OFFICER JOSHUA MOSCOSO,    24-cv-1518
POLICE OFFICER STEVEN GOMEZ

      Defendants.

---------------------------------------------------------X

      Kevin Contreras ("Plaintiff"), by and through his counsel, Cody Warner, P.C., states and alleges as follows against The City of New York, Police Officer Ashley Rodriguez ("Defendant Rodriguez"), Police Officer Joshua Moscoso ("Defendant Moscoso"), and Police Officer Steven Gomez ("Defendant Gomez"):

## PRELIMINARY STATEMENT

      1.     This is a civil rights action in which Plaintiff asserts constitutional claims pursuant to 42 U.S.C. § 1983 against the individual defendants for false arrest, malicious prosecution, denial of the right to a fair trial, failure to intervene, and excessive force. Additionally, Plaintiff asserts analogous claims under New York State Law against the individual defendants and against the City of New York under the doctrine of *respondeat superior*.

      2.     Plaintiff seeks monetary damages (compensatory and punitive) against Defendants, as well as an award of costs and attorneys' fees, and further relief as the Court deems just and proper.

## JURISDICTION

3. The federal claims in this action are brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Jurisdiction for those claims is conferred upon this court by 28 U.S.C. §§ 1331, 1343 (a)(3) and (a)(4).

4. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the non-federal claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy which gives rise to the federally based claims and causes of action.

## JURY TRIAL DEMANDED

5. Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury for all his claims as pleaded herein.

## VENUE

6. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2), because the events giving rise to this complaint occurred within this district.

## PARTIES

7. Plaintiff is a resident of New York County, New York.

8. Defendant Rodriguez is and was at all times relevant herein an officer, employee, and agent of the New York City Police Department ("NYPD").

9. Defendant Moscoso is and was at all times relevant herein an officer, employee, and agent of the NYPD.

10. Defendant Gomez is and was at all times relevant herein an officer, employee, and agent of the NYPD.

11. Defendant Rodriguez, Defendant Moscoso, and Defendant Gomez (collectively, the "individual defendants") are sued in their individual and official capacities. At all times mentioned herein, each individual defendant acted under the color of state law, in the capacity of an officer, employee, and agent of defendant City of New York ("Defendant City").

12. Defendant City is a municipality created and authorized under the laws of New York State. It is authorized to maintain, direct, and to supervise the NYPD, which acts as its law enforcement agent and for which it is ultimately responsible.

## NOTICE OF CLAIM

13. Plaintiff served a Notice of Claim on Defendant City within ninety days of the incident. The City of New York conducted a General Municipal Law 50-h hearing on January 15, 2024.

14. This action commenced within one year and ninety days after the occurrence of the event upon which the claims are based.

## STATEMENT OF FACTS

15. On July 21, 2023, the individual defendants approached Plaintiff in the vicinity of 550 West 171 Street, New York County.

16. Plaintiff was then standing on the street, eating food, and speaking with his friends and family.

17. The individual defendants instructed Plaintiff to move a vehicle that was double parked on West 171 Street.

18. Plaintiff told the individual defendants that the vehicle was not his—it belonged to his friend.

19. Plaintiff further informed the individual defendants that he was waiting for his friend to come downstairs to move the vehicle.

20. The individual defendants then demanded Plaintiff's identification.

21. While surrounded by the individual defendants, Plaintiff opened the driver's side door of his friend's vehicle and sat down in the front seat to call his friend.

22. Plaintiff told the individual officers that his friend was not answering the phone.

23. Plaintiff exited the car and stood next to it.

24. Approximately twenty seconds later, Plaintiff closed the door to the vehicle.

25. As he closed the door, Defendant Moscoso grabbed Plaintiff and slammed him against the vehicle.

26. Defendant Moscoso and Defendant Gomez then forcefully grabbed and twisted Plaintiff's arms and wrists.

27. Defendant Moscoso and Defendant Gomez then pushed Plaintiff, causing him to trip to the ground and sustain injuries to his knees.

28. Defendant Moscoso and Defendant Gomez's use of force against Plaintiff was unreasonable and unjustified.

29. After he was pushed to the ground, Plaintiff ran away.

30. Plaintiff later learned that the NYPD wanted to arrest him for the incident.

31. Plaintiff went to the NYPD's 33rd Precinct on July 28, 2024, and was arrested.

32. Plaintiff had not committed any crimes, and therefore his arrest was not supported by probable cause or otherwise privileged.

33. Defendant Rodriguez then fingerprinted, booked, and drafted an arrest report against Plaintiff, thereby commencing a criminal prosecution against Plaintiff.

34. Defendant Rodriguez knew that the criminal prosecution against Plaintiff was not supported by probable cause.

35. While Plaintiff was incarcerated in a holding cell at the 33rd Precinct, he spoke with Defendant Moscoco.

36. Defendant Moscoso mocked Plaintiff and told him that he was not getting released that day.

37. Defendant Moscoso knew that Defendant Rodriguez commenced a prosecution against Plaintiff that was not supported by probable cause.

38. Defendant Moscoso did not intervene to stop the malicious prosecution of Plaintiff.

39. Plaintiff was incarcerated for approximately twenty-four hours before he was released at his arraignment in New York County Criminal Court for Docket CR-021452-23NY.

40. Docket CR-021452-23NY charged Plaintiff with Assault in the Second Degree (P.L. § 120.05(3)) and Resisting Arrest (P.L. § 205.30).

41. None of the charges in Docket CR-021452-23NY were supported by probable cause.

42. Defendant Rodriguez signed the criminal complaint for Docket CR-021452-23NY and forwarded it to the New York County District Attorney's Office.

43. The criminal complaint for Docket CR-021452-23NY alleged, *inter alia*, that Plaintiff yanked the vehicle's door out of Defendant Moscoco's hand.

44. The allegation referenced in paragraph forty-three (43) was false.

45.     Defendant Rodriguez knew that the allegation referenced in paragraph forty-three (43) was false.

46.     The criminal complaint for Docket CR-021452-23NY alleged, *inter alia*, that Plaintiff punched Defendant Moscoso in the face with a closed fist, causing redness, swelling, and substantial pain.

47.     The allegation referenced in paragraph forty-six (46) was false.

48.     Defendant Rodriguez knew that the allegation referenced in paragraph forty-six (46) was false.

49.     Plaintiff was ordered to appear in New York County Criminal Court on subsequent dates.

50.     Plaintiff's case was dismissed and sealed on February 1, 2024.

51.     While Plaintiff's criminal case was pending, he applied to obtain a license with the New York City Taxi and Limousine Commission ("TLC") so that he could generate income by operating a taxi.

52.     The TLC required him to complete his license application within ninety (90) days.

53.     To complete his TLC application, Plaintiff needed to pass a background check.

54.     Plaintiff was unable to pass his background check during the ninety (90) day application period because of his pending criminal prosecution.

55.     As a result, Plaintiff was unable to obtain a TLC license.

56.     Plaintiff consequently lost income due to the malicious prosecution brought against him.

57.     As a direct and proximate result of the said acts of the Defendants, Plaintiff sustained the following injuries and damages:

a. Deprivation of his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

b. Deprivation of his rights under the laws and Constitution of the State of New York;

c. Emotional distress, degradation and suffering;

d. Physical pain and suffering;

e. Loss of liberty; and

f. Lost income.

## CAUSES OF ACTION

### FIRST CLAIM

**False Arrest Under 42 U.S.C. § 1983**

58. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if fully stated herein.

59. Defendant Rodriguez deprived Plaintiff of his rights afforded by the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting and detaining Plaintiff.

60. The wrongful and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without probable cause, without a warrant, and without privilege or consent.

61. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

### SECOND CLAIM

**False Arrest Under New York State Law**

62. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if fully stated herein.

63. Defendant Rodriguez subjected Plaintiff to false arrest and deprivation of liberty without probable cause.

64. Plaintiff was conscious of his confinement.

65. Plaintiff did not consent to his confinement.

66. Plaintiff's arrest was not otherwise privileged.

67. Defendant City, as the employer of Defendant Rodriguez, is responsible for her wrongdoing under the doctrine of *respondeat superior*.

68. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM

### Malicious Prosecution Under 42 U.S.C. § 1983

69. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if fully stated herein.

70. Defendant Rodriguez violated Plaintiff's Fourth and Fourteenth Amendment rights by maliciously prosecuting Plaintiff.

71. Defendant Rodriguez commenced a prosecution against Plaintiff.

72. Defendant Rodriguez lacked probable cause to believe Plaintiff was guilty or that the prosecution would succeed.

73. Defendant Rodriguez acted with malice.

74. In the absence of probable cause, malice may be inferred.

75. The prosecution was terminated in Plaintiff's favor.

76. As direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM

### Malicious Prosecution Under New York State Law

77. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if fully stated herein.

78. Defendant Rodriguez maliciously prosecuted Plaintiff.

79. Defendant Rodriguez commenced a prosecution against Plaintiff.

80. Defendant Rodriguez lacked probable cause to believe Plaintiff was guilty or that the prosecution would succeed.

81. Defendant Rodriguez acted with malice.

82. In the absence of probable cause, malice may be inferred.

83. The prosecution was terminated in Plaintiff's favor.

84. Defendant City, as employer of Defendant Rodriguez, is responsible for her wrongdoing under the doctrine of *respondeat superior*.

85. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM

### Denial of Right to a Fair Trial Under 42 U.S.C. § 1983

86. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if fully stated herein.

87. Defendant Rodriguez deprived Plaintiff of his Fourth, Fifth, and Fourteenth Amendment right to a fair trial.

88. As the arresting officer of Plaintiff, Defendant Rodriguez was an investigating official for Plaintiff's arrest.

89. Defendant Rodriguez deliberately forwarded fabricated information to the New York County District Attorney's Office.

90. The fabricated information forwarded by Defendant Rodriguez was likely to influence a jury's verdict.

91. As a direct and proximate result of this unlawful conduct, Plaintiff was deprived of his liberty and sustained the damages hereinbefore alleged.

## SIXTH CLAIM

### Failure to Intervene Pursuant to 42 U.S.C. Section 1983

92. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

93. Defendant Moscoso had an affirmative duty to intervene on Plaintiff's behalf to prevent the violation of his constitutional rights by other law enforcement officers.

94. Defendant Moscoso failed to intervene on Plaintiff's behalf to prevent, end, or truthfully report the violations of his constitutional rights despite knowing about such violations and having a realistic opportunity to do so.

95. As a direct a proximate result of the aforementioned conduct of Defendant Moscoso, Plaintiff sustained the damages and injuries hereinbefore alleged.

## SEVENTH CLAIM

### Excessive Force Under 42 U.S.C. Section 1983

96. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

97. By the actions described, Defendant Moscoso and Defendant Gomez deprived Plaintiff of his Fourth Amendment right to be free of unreasonable or unwarranted restraints on personal liberty, specifically his right to be free from excessive and unreasonable force.

98. As a direct a proximate result of the aforementioned conduct of Defendant Moscoso and Defendant Gomez, Plaintiff sustained the damages and injuries hereinbefore alleged.

## EIGHTH CLAIM

### Battery Under N.Y. State Law

99. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if fully stated herein.

100. As detailed above, Defendant Moscoso and Defendant Gomez intentionally touched Plaintiff in an offensive and harmful manner, and they intentionally subjected him to offensive and harmful contact.

101. Defendant City, as employer of Defendant Moscoso and Defendant Gomez, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

102. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## NINTH CLAIM

### Negligent Hiring, Retention and Supervision Under New York State Law Against Defendant City

103. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if fully stated herein.

104. Defendant City owed a duty of care to Plaintiff to adequately hire, retain, and supervise its employees, the individual defendants.

105. Defendant City breached that duty of care.

106. Defendant City placed the individual defendants in a position where they could inflict foreseeable harm.

107. Defendant City knew or should have known of the individual defendants' propensities for violating the individual rights granted under the United States Constitution and the laws of the State of New York, prior to the injuries incurred by Plaintiff.

108. Defendant City failed to take reasonable measures in hiring, retaining and supervising the individual defendants that would have prevented the aforesaid injuries to Plaintiff.

109. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief jointly and severally against the Defendants:

   a. An order awarding compensatory damages for Plaintiff in an amount to be determined at trial;

   b. An order awarding punitive damages in an amount to be determined at trial;

   c. A court order pursuant to 42 U.S.C. § 1988, that Plaintiff is entitled to reasonable attorney's fees, costs and disbursements; and

   d. Such other and further relief as this Court may deem appropriate.

DATED:   February 28, 2024
         New York, New York




_____
Cody Warner, Esq.
11 Broadway
Suite 615
New York, NY 10004
cody@codywarnercriminaldefense.com
212-627-3184

*Attorney for Plaintiff*